PER CURIAM.
 

 This is the second appeal to the court from a decision of the United States District Court in this bankruptcy action. Originally, the appellee trustee filed his com
 
 *766
 
 plaint to set aside the debtors’ deed of trust in favor of the appellant creditor as a voidable preference under 11 U.S.C. § 547(b) or, in the alternative, as a fraudulent transfer under 11 U.S.C. § 548. The bankruptcy-court dismissed the fraudulent transfer count and denied the trustee’s voidable preference claim. The trustee appealed only the preference claim'to the district court. The district court reversed the bankruptcy court’s decision and granted the trustee’s voidable preference claim.
 

 On appeal, this court affirmed the district court in part and reversed and remanded for a determination of whether a $125,000 promissory note executed by the three individual principals of the debtor corporations was an antecedent debt of the debtor corporations.
 
 Clay v. Trader’s Bank,
 
 708 F.2d 1347 (8th Cir.1983). On remand, the district court concluded that the $125,000 obligation of the three individuals was part of the antecedent debt of the debtor corporations. The district court ordered the deed of trust to be set aside as to the $125,000 note.
 

 We have carefully examined the briefs and the record and we find that the facts as found by the trial court are not clearly erroneous and that the trial court was correct in its determination of the law. The trial court correctly held that the $125,000 debt was an antecedent debt of the debtor corporation.
 

 We therefore affirm on the basis of the trial court’s opinion pursuant to Rule 14 of the rules of this court.